UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARCIA M. HALPIN,

       Plaintiff,

    v.                                                                                    17-CV-2
                                                                                             DECISION AND ORDER
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

      The plaintiff, Marcia M. Halpin, is a prevailing party in this social security benefits action.  Her counsel's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) is now before this Court.  Docket Item 20.  The defendant does not oppose the motion.  Docket Item 22.

## **TIMELINESS**

      Halpin's Notice of Award was issued on March 3, 2020, and her counsel filed an application for attorney's fees nine days later.  Docket Item 22 at 1.  Thus, the request was timely filed.  *See Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019) (holding that section 406(b)(1)(A) motions must be filed within 14 days of the claimant receiving such notice); *see also* Fed. L. R. Civ. P. 5.5(g)(1) (allowing counsel 14 days plus three days' mailing time from the date the claimant receives the Notice of Award letter to file an application for fees under Section 406(b)).

## **REASONABLENESS OF THE REQUESTED FEES**

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Halpin's counsel seeks $27,063.90 in fees, which is 18.25% of Halpin's past-due benefits, Docket Item 20-7 at 4, and is less than the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery, Docket Item 20-2 at 1.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Moreover, there is no indication that this fee is a windfall.[1] *Id.* Indeed, as explained above, the fee is less than counsel contracted for in the contingent-fee agreement. The $27,063.90 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

---

[1] While the fee here constitutes an hourly rate of $733.44, *see* Docket Item 20-7 at 6—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here. *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

By stipulation approved and ordered on December 30, 2018, this Court previously awarded Halpin's counsel $6,840.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 18, 19.  Because the fees granted above exceed the EAJA fees, her counsel must refund the EAJA fees to her. *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## ORDER

In light of the above,

IT IS HEREBY ORDERED that Halpin's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $27,063.90, Docket Item 20, is GRANTED; and it is further

ORDERED that counsel for Halpin shall refund the $6,840.00 EAJA fees to Halpin within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:      May 1, 2020
            Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE